BARNET LUBINSKY, PROSECUTOR, v. COURT OF COMMON PLEAS OF PASSAIC COUNTY, BENJAMIN MARKOWITZ AND ANNA MARKOWITZ, RESPONDENTS.

Argued October 8, 1936—Decided February 6, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Biro & Strell*.

For the respondents, *Cole & Morrill* (*Maurice Levinthal,* of counsel).

PER CURIAM.

The *certiorari* was allowed in this case to test the validity of certain proceedings on a claim of property under an execution issued out of the Supreme Court. These proceedings resulted in a verdict and judgment for the claimant.

There are twenty-two reasons presented as grounds for reversal. Most of these alleged reasons are insufficient in form to bring any judicial action legally before the court. Those that adequately justify consideration are that the Court of Common Pleas was without jurisdiction to try the issue, that the necessary steps under the statute were not taken, and that on the trial of the case the judge erred in directing a verdict in favor of the claimant.

None of these reasons appear to us to be well founded.

As to jurisdiction the contention is that the judgment out of which the execution was issued was obtained in the Supreme Court and that the trial of the claim of property purports to have been "at a Court of Common Pleas." Section 32 of the Execution act (2 *Comp. Stat., p.* 2255), provides that when claim of property is made for goods levied upon by execution by any person other than the defendant, the claimant may apply to one of the judges of the Court of Common Pleas where the goods and chattels were seized for a venire to summon a jury of twelve men to try the right of the claimant to the property.

Steps were taken in accordance with this provision by the claimant in proper time and the judge of the Court of Common Pleas proceeded (it is true some months later), to try the issue with the result already stated. The fact that the trial was at a Court of Common Pleas, whatever that may mean, can have no disqualifying effect upon the trial otherwise strictly in accordance with the act, nor can the fact that the result of the trial seems to have been recorded in the office of the clerk of the Common Pleas Court. Nor is there substance in the contention that the trial was long delayed. The statute placed the control of the litigation in the hands of the judicial officer named. The claimant could do no more than present the matter to him in proper time and the subsequent trial was at the discretion of that officer.

On the merits of the case, our examination of the evidence satisfies us that the trial judge properly directed a verdict in favor of the claimant. The testimony as to ownership was all in his favor and the circumstances which the prosecutor claims to be suspicious and to the contrary were not sufficient to justify submission of the case to the jury.

The judgment is affirmed, with costs.